IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00872-REB-KLM

DAVID R. FISCHER, an individual,

    Plaintiff,

v.

JACOB J. LEW, Secretary of the Department of the Treasury, in his official capacity,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court sua sponte.  Plaintiff, who now proceeds as a pro se litigant, has failed to file any documents in this lawsuit since his former counsel filed a Motion to Withdraw as Attorney [#8][1] on May 29, 2014.  On July 1, 2014, Defendant filed a Motion for Judgment on the Pleadings [#10].  Plaintiff failed to file a Response to the Motion or to seek an extension of time in which to do so.  On September 12, 2014, the Court ordered Plaintiff to a file a Response to the Motion no later than October 14, 2014.  *Minute Order* [#18].  At that time, the Court also warned Plaintiff that failure to file a Response could result in a recommendation that his case be dismissed for failure to prosecute.  *Id.*  Despite the Court's clear warning about the consequences for failure to file a Response, Plaintiff did not respond by the deadline and, to the present day, has made

---

[1] "[#8]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  This convention is used throughout the Recommendation.

no contact with the Court. As the Court sets forth in detail below, Plaintiff's conduct to date demonstrates a lack of interest in prosecuting this case. Because Plaintiff is proceeding pro se, the Court has given Plaintiff multiple opportunities to prosecute his case. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.

The Court finds that Plaintiff has failed to meaningfully participate in his case. Specifically, Plaintiff has failed to communicate with the Court in any way since his attorney withdrew nearly six months ago, and he has failed to comply with the Court's order requiring him to file a Response to Defendant's Motion for Judgment on the Pleadings [#10]. *Minute Order* [#18]. Plaintiff's complete inaction as a participant in this litigation is a failure to prosecute his case.

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no

amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding pro se, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

A.  **Prejudice to Defendants**

From a review of the case file, the Court finds that Plaintiff's neglect of his case has prejudiced Defendants. They defended the lawsuit in good faith and prepared appropriate pleadings. Allowing the case to proceed when Plaintiff refuses to participate in even the most basic of litigation requirements would require Defendants to expend further unnecessary time and expense to defend against a case which Plaintiff appears to have no interest in prosecuting on his own. This factor weighs in favor of dismissal.

B.  **Interference with the Judicial Process**

---

principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

The Court concludes that Plaintiff's failure to prosecute his case, and specifically his failure to comply with Court Orders, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to contact the Court or put himself in a position to comply with Court Orders evidences lack of respect for the Court and the judicial process. In particular, Plaintiff's neglect has caused the undersigned and her staff to expend unnecessary time and effort. The Court's frequent review of the case file and issuance of this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006). This factor weighs in favor of dismissal.

**C.     Culpability of Plaintiff**

Plaintiff has, without providing any excuse, ignored his case responsibilities and failed to move his case forward. The Court provided Plaintiff with ample opportunities to litigate his case, but since May 2014, he has chosen not to participate. As a voluntary pro se litigant, it is solely Plaintiff's responsibility to ensure that he complies with case deadlines, Court Orders and applicable rules. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). The Court notes that no mail has been returned to the Court for any reason, such as insufficiency of address. Considering the history of this case, the Court must conclude that Plaintiff's failures have been willful, and that he is therefore responsible for his own noncompliance. This factor weighs in favor of dismissal.

Case 1:14-cv-00872-REB-KLM   Document 19   Filed 11/03/14   USDC Colorado   Page 5 of 6

**D.     Advance Notice of Sanction of Dismissal**

Plaintiff was warned twice by the Court that he risked dismissal of his case if he failed to move the case forward. *Letter to Pro Se Litigants* [#9-1] at 2; *Minute Order* [#18] Pro se litigants are required to read and follow the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Thus, to the extent that Plaintiff may not have received the warnings because he failed to keep the Court apprised of his current mailing address, the responsibility for lack of notice falls on his shoulders. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's efforts to advise Plaintiff of the potential for dismissal in this case do not prevent this result. *See Lynn*, 2006 WL 2850273, at *7 (noting that warnings in prior cases were sufficient to put plaintiff on notice).

**E.     Efficacy of a Lesser Sanction**

Finally, the Court concludes that no sanction less than dismissal would be effective. Although Plaintiff is proceeding pro se, that does not excuse his neglect here. *See Green*, 969 F.2d at 917. In addition, given that Plaintiff has not been in contact with the Court for nearly six months, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's misconduct. Considering the history of the case, it is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result. Accordingly,

The Court respectfully **RECOMMENDS** that Plaintiff's case be **DISMISSED with**

**prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 3, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge